**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                              Plaintiff,

v.

THE SPUD SELLER, INC.

                              Defendant.

**COMPLAINT AND JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Maria de Jesus Ramirez and other aggrieved women who were adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that The Spud Seller, Inc. ("Spud Seller") engaged in unlawful discrimination by creating a gender-based hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 706(f)(1), and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-5(f)(1), and 2000e-5(f)(3), and by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

4. At all relevant times, Defendant has been a Colorado corporation doing business in the State of Colorado.

5. At all relevant times, Defendant has employed at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Maria de Jesus Ramirez filed a charge with the Commission alleging violations of Title VII by Defendant Spud Seller. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Spud Seller is a wholesale potato company located in the San Luis Valley in southern Colorado at 2455 E. Road 4 North, Monte Vista, CO 81144.

9. Spud Seller is owned and operated by Lynn McCullough.

10. The business is managed by Dan Hazard and his wife, Jennie Hazard.

11. Maria de Jesus Ramirez first worked for Spud Seller for a brief period in 2006, and was hired again by Spud Seller in September of 2007.

12. In September of 2007, Maria de Jesus Ramirez first worked as a potato inspector, and reported directly to Mauricio Gaytan.

13. In September 2007, Mauricio Gaytan was a supervisor who directed most of the hourly employees in Spud Seller's physical plant.

14. Mr. Gaytan began making sexual remarks to Maria de Jesus Ramirez within two weeks of her return to employment with Spud Seller in 2007.

15. Mr. Gaytan transferred Ms. Ramirez from her job as potato inspector to a job as a potato bagger approximately two weeks after she returned to a job with Spud Seller in 2007.

16. After Ms. Ramirez moved to the potato bagger job, Mr. Gaytan increased the level of sexual comments and made sexual physical gestures toward Ms. Ramirez, including requests for sexual favors.

17. Mr. Gaytan's sexual remarks and behavior toward Ms. Ramirez continued throughout her employment with Spud Seller.

18. In early December of 2007, Mr. Gaytan physically assaulted Ms. Ramirez as she was leaving the building by blocking her exit and attempting to hold her and kiss her.

19. Ms. Ramirez pushed Mr. Gaytan away and left the building.

20. Ms. Ramirez reported Mr. Gaytan's conduct to plant manager Dan Hazard on or about December 17, 2007.

21. Ms. Ramirez reported Mr. Gaytan's conduct to Human Resources Manager Jennie Hazard on or about December 18, 2007.

22. No disciplinary or corrective action was taken against Mr. Gaytan for sexually harassing Ms. Ramirez.

23. Mr. Gaytan's sexual conduct toward Ms. Ramirez continued after she reported Mr. Gaytan's conduct to Spud Seller's upper management.

24. Because of the continuing sexual harassment and Spud Seller's failure to respond effectively to Ms. Ramirez' complaint of discrimination, the conditions of her employment were intolerable.

25. As a result of the intolerable working conditions, January 11, 2008, Ms. Ramirez was forced to resign her employment with Spud Seller.

26. Mr. Gaytan sexually harassed employees other than Ms. Ramirez.

27. A second female employee of Spud Seller was sexually harassed by Mr. Gaytan in or around June of 2004.

28. The second female employee reported Mr. Gaytan's sexual harassment to plant manager Dan Hazard.

29. No disciplinary or corrective action was taken against Mr. Gaytan in response to the second female employee's complaint.

30. The second female employee was given a written disciplinary warning in or around January of 2005 because she discussed her sexual harassment complaint.

31. A third female employee of Spud Seller was sexually harassed by Mr. Gaytan, including but not limited to sexual text and picture messages on her cell phone.

32. A fourth female employee of Spud Seller also was sexually harassed and witnessed Mr. Gaytan's sexual harassment, and suffered from the hostile environment resulting therefrom.

33. Upon information and belief, EEOC states that other female employees were victimized by Mr. Gaytan's sexual harassment and resulting hostile work environment.

## CLAIM FOR RELIEF

[Sex Harassment/Hostile Work Environment - 42 U.S.C. §§ 2000e-2(a) and 2000e-5(f)(1)]

34. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

35. Spud Seller discriminated against Maria de Jesus Ramirez, in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting her to sexual harassment, creating and tolerating a sexually hostile work environment.

36. Spud Seller discriminated and continues to discriminate against other aggrieved female employees at Spud Seller in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting them to sexual harassment, creating and tolerating a sexually hostile work environment .

37. The offensive sexual conduct described in the preceding paragraphs was and is sufficiently severe or pervasive to alter the terms and conditions of employment for Maria de Jesus Ramirez and other aggrieved female employees.

38. As owners and managers of Spud Seller, the actions of Mauricio Gaytan, Dan Hazard, and Jennie Hazard constitute the actions of the company.

39. Ramirez and the aggrieved women were supervised by Gaytan, who was supervised by Dan Hazard.

40. Spud Seller, through its owners and managers, knew or should have know about the sexual harassment and sexually hostile work environment in the workplace.

41. Spud Seller failed to take reasonable measures to prevent and promptly correct the sexual harassment and sexually hostile work environment in the workplace.

42. Maria de Jesus Ramirez' constructive discharge from her employment with Spud Seller was a tangible employment action.

43. The unlawful employment practices described above were committed intentionally, and were undertaken with malice or with reckless indifference to the federally protected rights of Maria de Jesus Ramirez and other aggrieved female employees.

44. As a result of the events and actions described above, Ms. Ramirez and the class of other aggrieved female employees were and are being deprived of equal employment opportunities, suffered and are suffering emotional distress, and were and are otherwise adversely affected because of their sex.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Spud Seller, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any

employment practice which discriminates on the basis of sex and from retaliating against employees who in good faith oppose such discrimination.

    B.    Order Spud Seller to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Spud Seller to make whole Maria de Jesus Ramirez and the other aggrieved female employees by providing appropriate backpay with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay where appropriate, job search expenses and any medical expenses, in amounts to be determined at trial.

    D.    Order Spud Seller to make whole Maria de Jesus Ramirez and the other aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order Spud Seller to pay Maria de Jesus Ramirez and the other aggrieved female employees punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper.

    G.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 29th day of September, 2010.

                                                    Respectfully Submitted,

                                                    P. DAVID LOPEZ
                                                    General Counsel

                                                    GWENDOLYN REAMS
                                                    Associate General Counsel

                                                    EQUAL EMPLOYMENT OPPORTUNITY
                                                           COMMISSION
                                                    1801 L Street, N.W.
                                                    Washington, DC   20507

                                                    MARY JO O'NEILL
                                                    Regional Attorney
                                                    Phoenix District Office

                                                    RITA KITTLE
                                                    Supervisory Trial Attorney

                                                    */s/ William E. Moench*
                                                    WILLIAM E. MOENCH
                                                    Trial Attorney
                                                    (303) 866-1387
                                                    william.moench@eeoc.gov

                                                    EQUAL EMPLOYMENT
                                                    OPPORTUNITY COMMISSION
                                                    Denver Field Office
                                                    303 East 17th Avenue, Suite 410
                                                    Denver, CO   80203
                                                    FAX (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the Deputy General Counsel in Washington, D.C.