IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02381-MSK-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

MARIA PORTILLO, aka MARIA DE JESUS RAMIREZ,

     Plaintiff-Intervenor,

v.

THE SPUD SELLER, INC.

     Defendant.

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

The parties have engaged in discovery in this case which has called for the release of financial information from Defendant, including the production of documents containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the Defendant (or of another person which information the party is under a duty to maintain in confidence), as well as private and personal information from the aggrieved individuals for whom the EEOC is seeking relief, relating to past stressors, histories of emotional distress, and medical or psychological treatment, hereafter referred to as "Confidential Information." Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and deposition testimony

that contain Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

<u>**Designation of Confidential Information**</u>

1.    *Designation of Material.*  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.    *Subsequent Designation.*  Documents, materials, and testimony produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.    *Modification of Designation.*  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a)     The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b)     If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation.  The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

### Access to Confidential Information

4.      *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a)     To counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that such counsel must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b)     To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

(c)     Class members and Plaintiff-Intervenor are expressly precluded from access to or review of documents identified by Defendant as Confidential.  Counsel for the Plaintiff and Plaintiff-Intervenor may not disclose or discuss Confidential information to Class members or Plaintiff-Intervenor by any

means or in any manner, except to the extent such information is admitted into evidence at trial of the action.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

5.     *No Copies/Notes.*  Except for internal use by counsel for the parties hereto, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

6.     *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

### Use of Confidential Information

7.     *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

8.     *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other

4

conditions to prevent unnecessary disclosure.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

      9.    *Filing Under Seal.*  Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

      10.    *Reasonable Precautions.*  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

      11.    *Return After Litigation.*  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## Other Provisions

      12.    *Not an Admission.*  Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

13.  *Objections.*  A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to ~~file~~ *made* an appropriate motion *pursuant to MJ Mix's discovery procedures* requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely ~~filed~~ *made*, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to ~~file~~ *made* such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.  In connection with a motion ~~filed~~ *made* under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. *Gillard v. Boulder Valley School District,* 196 F.R.D. 382 (D.Colo. 2000).

14.  *Miscellaneous.*  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.  This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this **28th** day of **November**, 2011.

BY THE COURT:

United States ~~District Court~~ Judge
*magistrate*

APPROVED:

By: _____

William E. Moench
Equal Employment Opportunity
Commission
303 East 17th Avenue
Suite 410
Denver, CO  80203
303-866-1387
Attorney for Plaintiff

By: _____

Matthew Y. Biscan
Clisham, Satriana & Biscan, L.L.C.
1512 Larimer St.  Suite 400
Denver, Colorado  80202
(303) 468-5403
biscanm@csbattorneys.com
Attorney for Defendant

By: _____

Jenifer Rodriguez
Colorado Legal Services
Migrant Farm Worker Div.
1905 Sherman Street Suite 400
Denver, CO  80203
(303) 866-9366
Attorney for Plaintiff-Intervenor

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-02381-MSK-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

MARIA PORTILLO, aka MARIA DE JESUS RAMIREZ,

      Plaintiff-Intervenor,

v.

THE SPUD SELLER, INC.

Defendant.

---

**I.     EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

I have been designated by  _____ as a person who may have access to

Confidential Information as that term is defined in the Confidentiality Stipulation and Protective

Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with

respect to all documents and information designated as "Confidential" under the Order.  I agree

not to copy any documents or information that have been designated as "Confidential" and

disclosed to me and not to disclose such documents or information to any person or entity not

authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2011.


_____


_____
Name (Printed)

_____
Address

_____
Employer