# EMPLOYMENT AGREEMENT

THIS AGREEMENT is made this first day of July, 2009, between The Spud Seller, Inc. (hereinafter referred to as "Employer") and Mauricio Gaytan (hereinafter referred to as "Employee").

WHEREAS Employer operates a potato warehouse and processing facility located at 2455 East Road 4 North, Monte Vista, Colorado, and is in need of the services of Employee for the purpose of carrying out that function,

NOW, THEREFORE, Employer and Employee, in consideration of the mutual covenants and promises contained herein, hereby agree as follows:

1. Employee shall act as Maintenance Supervisor and Assistant Warehouse Manager for the processing facility on behalf of Employer. Employee shall perform those services as requested by Employer from time to time and shall devote his time and best efforts in performing such services to Employer.

2. The term of this agreement shall be from July 1, 2009 through June 30, 2010, and shall automatically terminate at 12:00 midnight on June 30, 2010, unless renewed and extended by written agreement signed by the Employer and Employee. Notwithstanding the foregoing, this agreement may be terminated by either Employer or Employee, with or without cause, and without notice.

3. Employee shall be entitled to compensation as follows, providing standards of performance are met as determined by Employer.

    (a) BASE SALARY. Employee shall be entitled to $62,360.25 per year. One fifty-second of this base salary, $1,199.24, shall be paid on each of the 52 regular company paydays occurring during the term of this contract. There will be withheld from these payments the normal withholdings.

    (b) VOLUME BONUS. Provided that Employee shall be employed under this contract through June 30, 2010, Employee shall be entitled to a bonus based upon the volume of potatoes processed through the warehouse as follows:

    Total cwt. multiplied by $0.006, i.e.,
    900,000 cwt = $5400.00

    Volume shall include only potatoes packaged by Employer and sold as U.S. No. 1 or No.2, including B size and shall not include dry bulk potatoes. This volume bonus shall be based on the quantity packaged between July 1, 2009 and June 30, 2010. The amount due shall be determined as of the close of business on June 30, 2010, and payable within 15 working days thereafter. If employment is terminated prior to June 30, 2010, the bonus will be determined according to the cwt processed as of the date of termination.

(c) DISCRETIONARY BONUS. A discretionary bonus may be paid to Employee relative to employee's general contribution to a smooth and cost effective operation, provided that Employee shall be employed under this contract through June 30, 2010.

4. Employee shall be entitled to benefits as follows:

   (a) Vacation. Employee shall be granted 15 days vacation (120 regular hours) during the term of this contract. These days must be used by September 1, 2010 or they will be lost. Employee shall be classified as a full time employee and vacation will be taken in accordance with the Employer's policy regarding vacation.

   (b) Sick Leave. Employee shall be entitled to six days (48 regular hours) of sick leave during the term of this contract. Any unused days will accumulate into subsequent years, provided this contract is extended as aforesaid, until a total of 18 days has been accumulated. Use of sick days shall be in accordance with the Employer's policy with regard thereto.

   (c) Personal Leave. Employee shall be entitled to two days personal leave during the term of this contract. These days may be used for the following purposes only: funeral attendance, family medical emergencies, or health care needs which cannot be scheduled outside work hours. These hours must be taken in minimum one half day blocks.

   (d) Health Insurance. Employee shall be provided medical health insurance coverage

Neither party shall assign or transfer his/her or its rights or duties under this agreement without the express written consent of the other party. Any transfer or assignment made without the consent of the other party shall not relieve the transferor or assignor from his or its duties or obligations under this agreement. Any act or omission by either party hereto which is construed to be a waiver or a breach by the other party of any provision in this agreement shall not operate or be construed as a waiver of any other breach by the other party and shall be effective as a waiver only to the extent set forth in writing and signed by the party against whom waiver is alleged. This agreement supersedes all prior agreements and understandings between Employer and Employee, and this agreement expresses the whole and entire agreement between the parties and cannot be modified or changed by any oral or verbal promise by whosoever made; nor shall any written modification of it be binding until such written modification shall be approved in writing by both parties.

In witness whereof, the parties have executed this agreement as of the day and year first above written.

THE SPUD SELLER, INC.

By _____
Lynn A. McCullough
President

_____
Mauricio Gaytan

SS 0652