**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-02381-MSK-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

MARIA PORTILLO, aka MARIA DE JESUS RAMIREZ,

    Plaintiff-Intervenor,

v.

THE SPUD SELLER, INC.

    Defendant.

_____

**DEFENDANT SPUD SELLER, INC.'S COMBINED REPLY TO PLAINTIFF'S AND PLAINTIFF INTERVENOR'S RESPONSES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

    Defendant, The Spud Seller Inc. ("Defendant" or "Spud Seller"), by its attorneys, Daniel R. Satriana, Jr. and Matthew Y. Biscan, of Clisham, Satriana & Biscan, LLC, respectfully submits this reply to Plaintiff EEOC's and Plaintiff-Intervenor's responses to Spud Seller's motion for summary judgment (respectively documents #44 (hereafter "PR") and # 43 (hereafter "PIR").

## INTRODUCTION

    The responses of Plaintiff and Plaintiff-Intervenor do not identify disputed issues of fact material to the pending motion and misstate in significant ways the actual

1

undisputed material facts. The legal authority upon which the responses rely either support Spud Seller's motion for summary judgment or are distinguishable.

**A.  Spud Seller was not directly negligent because it acted appropriately in the face of sexual harassment of which it knew or should have known.**

Plaintiff argues alternatively that Spud Seller is directly liable for its negligence in failing to act appropriately in the face of sexual harassment (PR 5) or that Spud Seller has not raised lack of direct negligence in its motion (PR 8). Plaintiff-Intervenor likewise argues that Spud Seller is directly liable under the negligence theory. Spud Seller raised the negligence theory in the pending motion at page 4 and submitted undisputed facts and legal authority thereon at pages 5 – 8 of its motion (doc. # 42 (hereafter DM)).

An employer is liable for its own negligence, defined as failing to remedy or prevent a hostile or offensive work environment. *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 577 (10th Cir. 1990). But an employer is not strictly liable. It must take prompt and appropriate remedial action reasonably calculated to end the harassment. *Waltman v. International Paper Co.*, 875 F.2d 468, 479 (5th Cir. 1989), cited with approval in *Hansel v. Pub. Serv. Co. of Colo.*, 778 F.Supp. 1126, 1132 (D.Colo, 1991). Taking effective remedial action results in no liability to an employer under the negligent or reckless theory of liability. *Hirschfeld*, 916 F.2d 577-78 (recognizing prompt investigation, disciplinary action, assurance that harassment would stop, and actual ending of the harassment as touchstone for no liability under the negligence standard).[1]

---

[1] The EEOC concedes that the adequacy of Defendant's sexual harassment policy has little relevance to the determination of liability in negligence. PR 6.

Notwithstanding the arguments of Plaintiff and Plaintiff-Intervenor, it remains undisputed that, as to the claims of Portillo and Reyes, their complaints giving notice to Spud Seller of alleged harassment were promptly investigated, acted upon, disciplinary action was threatened over any conduct of the sort complained about, and the alleged harassment ended and neither Portillo or Reyes were subjected to further alleged harassment. Plaintiff and Plaintiff-Intervenor have not disputed the fact that both Portillo and Reyes agree that after Spud Seller's investigation neither was harassed by Gaytan or anyone else employed by Spud Seller. Prompt investigation and the termination of harassment are the "hallmarks" and "most significant measure" of reasonable corrective action and response by an employer to a claim of sexual harassment. DM 4-5.

Despite the admitted effectiveness of Spud Seller's actions in response to the complaints of Portillo and Reyes, Plaintiff and Plaintiff-Intervenor argue that Spud Seller's response was insufficient because no discipline was meted out to Gaytan. This argument ignores the state of the law. The Responses effectively seek to impose strict liability upon an employer if a complaint is made, regardless of whether the person complaining is believed and regardless of whether no additional harassment is alleged to have occurred after the employer's response to the complaint. This is contrary to the law.

An employer's response to a complaint of harassment is legally sufficient if it is timely and results in effectively ending the harassment. *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1311 & 1312 (10th Cir 2005). Lack of corroboration is a reasonable basis to conclude that the harassment charges are

3

unfounded. Id. at 1313. Joint reprimands of both the complainant and alleged harasser are appropriate where circumstances warrant. Id. at 1313. An employer is not required to muzzle employees, but is required to respond to harassment about which it learns or knows. Id. at 1313. A supervisor may reasonably conclude that there is insufficient basis to demonstrate sexual harassment without incurring liability. Id. at 1314. Disciplinary action is not required to establish the adequacy of the employer's response. *Baty v. Willamette Ind., Inc.*, 172 F.3d 1232, 1242-1243 (10th Cir. 1999)(overruled on other grounds *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). Effective action is proven by the fact that the claimed harassment stops.

Consistent with the law as articulated in *Duncan*, Spud Seller conducted prompt and timely investigations into the complaints of Portillo and Reyes, concluded that the complaints were uncorroborated or unfounded, but nonetheless acted so as to prevent any further complaints of harassment from both Reyes and Portillo. The undisputed facts show that there was no sham or inadequate investigation as alleged by Plaintiff and Plaintiff-Intervenor. Spud Seller's response to Portillo's and Reyes' complaints were timely, inquired as to witnesses, allowed the complaining employees to bring alleged witnesses forward, reviewed security footage where it was at issue, did not determine the complaints were truthful or accurate, but nonetheless resulted in the

corrective action sought by the complainants.[2]  DM 6, para. viii. – 7, para. xv; DM 12, para. ix. – 14, para. xviii.

Plaintiff and Plaintiff-Intervenor argue that the responses to the complaints of Portillo and Reyes are inadequate in the context of the other conduct **alleged** to have been perpetrated by Gaytan, particularly given that he remained employed, was not required to receive additional sexual harassment training, and received raises.  PR 10, 16, and 22; PIR 11 & 12.  But the Responses ignore the undisputed facts they invoke. Specifically, despite Plaintiff's and Plaintiff-Intervenor's contention that the alleged episodic harassment occurred over the course of six years (from 2004 to 2010), that Gaytan is contended to have supervised from 45 – 52 people on a daily basis, D. Hazard Dep. 21:10-21 (PR 16), and that the Spud Seller's Employee Contact List (Exhibit 36 to Plaintiff's Response)[3] identifies 366 people employed by Spud Seller from January 2004 to January 31, 2009, Plaintiff and Plaintiff-Intervenor are able to identify only 10 members of the class for which they seek to recover.

Of those ten persons, it is undisputed that *six of them never reported the alleged harassment to Spud Seller*, two of the remaining four persons reported harassment, one in 2004 and one in 2007, *both of those claims were investigated and resolved by Spud Seller*, and the remaining two persons claimed to have reported

---

[2] EEOC claims that Spud Seller did nothing to monitor Gaytan to assure that he did not harass employees if the allegations were true.  PR 17 and 40.  In fact Defendant followed up with Reyes to assure there were no new issues with Gaytan.  DM 7, para. xv.   Reyes admits that after her complaint Defendant tried to have someone with Gaytan whenever she interacted with him as her supervisor.  DM Exhibit 3, p. 106, ll. 3 – 13.

[3] Plaintiff's Exhibit 36 is edited and redacted and does not show all 366 employees, is drawn from EEOC's administrative file and was produced by Defendant to EEOC in the course of the EEOC investigation.  A complete copy is available for the Court's review but is not filed to avoid issues with redaction of personally identifiable information pursuant to the Court's electronic filing rules.

harassment (one in 2005 and the other in 2009), which contentions are denied by Spud Seller. In addition, each of these 10 persons knew, read, received, and/or were able to articulate the sexual harassment policy of Spud Seller (DM 6, para. v. and vi.; 11, para. ii., iii., iv., vi.; 12, para. vii.; 18, para. ii, iii, iv), Spud Seller's sexual harassment policy was discussed at employee meetings (DM 19, para. v), and Gaytan, the alleged perpetrator, provided Spanish translation on occasion at those employee meetings (PIR 8, fn. 4, Exhibit D, D. Hazard Dep. 131:25 – 132:9).

Thus, Plaintiff's and Plaintiff-Intervenor's argument that there is a disputed issue of fact as to the awareness a hostile work environment on the part of Spud Seller is without support. The undisputed facts demonstrate that Spud Seller was not, had no reason to be, on notice of such an environment. Two investigations into allegations determined to be without corroboration, two disputed allegations, and lack of any notice on the part of the remaining six claimants cannot impute notice to Spud Seller as a matter of law. "Discriminatory purpose … implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker … selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon and identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 US 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (citations and references omitted).

Plaintiff and Plaintiff-Intervenor attempt to rely on cases such as *Hirase-Doi v. U.S. West. Com. Inc.*, 61 F.3d 777 (10th Cir. 1995)(superseded by *Ellerth* and *Faragher*, *Zisumbo v. McCleodUSA Telecommunications,* 154 Fed.Appx. 715, fn. 8 (10th Cir.

2005)) to suggest to this Court that knowledge of complaints that are not made can somehow be imputed to Spud Seller. Putting aside that *Hirase-Doi* is no longer good law, that premise is refuted by the current state of the law as well as by common sense and the undisputed facts recited above. In any event, that there may be evidence of other claims of harassment does not dictate that individual employees, or Plaintiff on their behalf, are entitled to recover if their individual claims are defeated by undisputed facts and applicable law.

There is no basis for employer liability as to Portillo and Reyes and summary judgment should be granted on the claims of Plaintiff seeking recovery for Reyes and Portillo and on the claims of Portillo.

### B. There Was No Constructive Discharge of Portillo

As a matter of law Plaintiff and Plaintiff-Intervenor cannot sustain the substantial burden of proving Portillo's constructive discharge. Even insurmountable disagreements are not enough to result in a constructive discharge. The opportunity to continue to work and to try to resolve conflicts and control over when one resigns demonstrates that there is no showing that an employee has no other choice but to resign. Thus, there is no constructive discharge. *Narotzky v. Natrona county Mem. Hosp. Bd. of Trustees*, 610 F.3d 558, 565 (10th Cir. 2010). The subjective views of the parties are not relevant. *Tran v. Trustees of State Colleges in Colo.*, 355 F.3d 1263, 1270 (10th Cir. 2004). Ultimately the question is whether there is a lack of an opportunity to make a free choice. *Narotzky*, 610 F.3d at 566.

Here, Portillo exercised her free choice. It is undisputed that she quit her job with Spud Seller for reasons of health, including an instance of carbon monoxide poisoning while on the job. She admitted as much in an affidavit prepared for the EEOC in the course of its investigation, swearing to the fact that she left her job for "other reasons". DM 14, para. xix.

Ignoring the reality of her own sworn testimony, Portillo admits that no harassment occurred after her complaint. PIR 16. But she argues that "she could not be expected to wait around until the next time she was sexually assaulted by Gaytan." PIR 16. This is, of course, rank speculation, purely subjective, and defies the reality of Portillo's decision to terminate her own employment for reasons of her health. It is also undisputed that Portillo was not harassed after her complaint and Spud Seller's investigation. This forecloses a claim of constructive discharge. Compare *Hirshfeld*, 916 F.2d at 580. Summary judgment is warranted on Plaintiff-Intervenor's claim of constructive discharge.

**C.    Spud Seller is entitled to summary judgment on its *Faragher/Ellworth* affirmative defense.**

Plaintiff and Plaintiff-Intervenor do not contest the proposition that all other members of the identified class for whom recovery is sought did not suffer a tangible employment action.

Likewise, Plaintiff and Plaintiff-Intervenor do not contest that class members Atancio, J. Cisneros, Cordova, Gomez, Guerrero, and Salazar never made any claim of discrimination or sexual harassment by Gaytan while working at Spud Seller. DM 19, para. vi. and vii.

8

As it did not have notice of claims against Gaytan by these class members Spud Seller cannot be held directly liable under a negligence theory. Plaintiff agrees with Spud Seller on the legal proposition that the focus of a negligence inquiry is on the adequacy of the employer's response **when it learned of the harassment**, and whether the employer's response was "reasonably calculated to end the harassment." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 676 (10th Cir. 1988); DM 4; PR 6.

Instead, regarding the first prong *Faragher/Ellworth* defense, Plaintiff and Plaintiff-Intervenor argue that Spud Seller is not insulated from vicarious liability for Gaytan's actions because they claim there are disputed issues of material fact regarding whether Spud Seller enforced its sexual harassment policy or had an effective policy (PR 17, 25, PIR 6, 8). They also argue that disputed material facts remain as to whether the failure of the class members to report harassment was reasonable (PR 19).

Each of these arguments fails. With respect to the first prong of the defense, it is undisputed that Spud Seller's sexual harassment policy was effective and enforced. All alleged harassment of Reyes and Portillo stopped after Spud Seller's investigation and response. Investigations and corrective action were taken in other instances involving other employees as well, with a range of action and discipline, including escalating discipline. DM 24. EEOC and Portillo do not dispute this.

Plaintiff-Intervenor additionally argues the inadequacy of the Spud Seller's policy based upon the lack of express reference to "retaliation" and "confidentiality." These arguments should be entirely discounted. First, it is undisputed that Spud Seller promptly responded to the complaints of Reyes and Portillo and that all harassment

stopped thereafter. Second, there is no claim of retaliation made in this case. Third, Plaintiff and Plaintiff-Intervenor cannot attack the lack of express reference to confidentiality in the written policy on one hand (PIR 6-8), and then contend on the other hand that Spud Seller's insistence on confidentiality in the Reyes and Portillo investigations is somehow evidence of inadequate investigation (PR 11, 29; PIR 9). Since there is no retaliation claim, and since Spud Seller did insist on confidentiality of its investigations[4], there are no material facts in dispute on these points.

Spud Seller cannot, as a matter of law, have responded to complaints that were never made.

Regarding the second prong of the defense, Plaintiff argues that the lack of response to the reported and allegedly reported complaints discouraged others from complaining of Gaytan's harassment. PR 19. Plaintiff ignores the undisputed fact that all of the identified class members were thoroughly familiar with Spud Seller's sexual harassment policy and had signed acknowledgments of receipt and understanding of the policy. Further, five of the six class members who admit to not having reported harassment testified that they did not see any conduct on the part of Dan Hazard or Jennie Hazard that would lead them to believe that their complaints of harassment would not be listened to – including Salazar. BM 20, para. viii. In the face of these undisputed facts, failure to notify Spud Seller of the alleged harassment is unreasonable as a matter of law.

---

[4] As Portillo points out, EEOC guidance makes "confidentiality of harassment complaints (to the extent possible)" an element of a facially effective policy. PIR 7.

Plaintiff-Intervenor, in addressing the adequacy of Spud Seller's policy and despite her willingness to complain to Spud Seller, suggests another reason that failure to report was justifiable. She contends that Gaytan's role as Spanish translator for Spanish speaking employees limited alternative routes for employees to make harassment complaints against him. PIR 7-8. This argument is absurd. First, Spud Seller's policy expressly identifies alternative routes of reporting complaints, including Dan Hazard and Jennie Hazard. DM 5, para. iii. Second, of the identified members of the class for which Plaintiff seeks recovery, Plaintiff-Intervenor is the only one not fluent and conversant in English. Her report of her complaint to Dan Hazard with the help of a translator other than Gaytan, and the fact that every other claimant who alleges to have reported harassment by Gaytan claims to have done so directly to Dan Hazard (PR 12, 15, 20, 28), belies her argument.

In any event, subjective fears of confrontation and unpleasantness or retaliation do not alleviate an employee's duty under *Ellerth* to alert the employer to the allegedly hostile environment. *Shaw v. AutoZone, Inc.*, 180 F.3d 806, 813 (7th Cir. 1999)

Members of the class for whom Plaintiff seeks to recover who did not report the alleged harassment were unreasonable in so failing as a matter of law.

**D.     Spud Seller is entitled to Summary Judgment on Plaintiff's and Plaintiff-Intervenor's Claim for Punitive Damages**

The undisputed facts of this case do not prove a legally sufficient claim of punitive damages. *See Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001) (setting forth sufficiency standard). *See also Cooper v. Asplundh Tree Expert*

*Co.*, 836 F.2d 1544, 1547 (10th Cir. 1998). There is no evidence that Spud Seller, as opposed to Gaytan, failed to make good faith efforts to comply with Title VII.

Plaintiff and Plaintiff-Intervenor have not identified any facts tending to prove that Spud Seller acted with malice or reckless indifference. As discussed above and in prior briefing by all parties, Spud Seller had a sexual harassment policy. EEOC concedes that Spud Seller sought legal advice from Mountain States Employers Council regarding its harassment policy. PR 36, J. Hazard Dep. 33:3 – 12; PR Ex. 61, at EEOC 00330. It was written, distributed to all employees, and made the subject of initial employee training and discussion in employee meetings annually. PR 36 D. Hazard Dep. 130:12 – 131:3. Spud Seller acted upon complaints of which it was made aware in a manner that successfully halted alleged harassment perpetrated against the complaining employees. Employees actually complained to Spud Seller about harassment, demonstrating that employees were not discouraged from charging harassment. Those complainants who failed to report harassment admit that they felt that they would be listened to by Spud Seller's managers had they done so. These facts are undisputed.

Plaintiff and Plaintiff-Intervenor cannot prove reckless indifference or malice toward employees' Title VII rights as a matter of law, regardless of the theory of employer liability, vicarious or direct negligence.

Regarding vicarious liability for punitive damages, the burden on Plaintiff and Portillo is even more rigorous. Assuming the allegations against Gaytan to be true, his failure or refusal to comply with company policy alone cannot be sufficient evidence to prove the lack of a good-faith effort to train on the part of Spud Seller. The *Kolstad*

defense would be effectively eliminated if that were the case. *Harsco Corp. v. Renner*, 475 F.3d 1179, 1189 (10th Cir. 2007). On the contrary, here there is no dispute that good faith efforts to train and enforce the sexual harassment policy were undertaken by Spud Seller. The undisputed material facts demonstrate that Spud Seller made a good faith effort to educate its employees about its anti-harassment policy; every single class member was aware of the policy and to whom they could report harassment; every single class member knew it was prohibited; every single class member received a copy of the policy and signed for it; the class members felt comfortable with and expected that Dan and Jenny Hazard would receive and consider their complaints.

Whether Gaytan was acting in the scope of his employment is determined by looking to whether his conduct toward employees was the kind that he was employed to perform and whether it was actuated, at least in part, by a purpose to serve the employer. *Kolstad v. American Dental Assoc.,* 527 U.S. 526, 543-449, 119 S.Ct. 2118, 144 L.ed.2d 494 (1999) (quoting Restatement (2d) Agency Section 228(1)). What Gaytan is alleged to have done, assuming all the allegations of Plaintiff and Plaintiff-Intervenor to be true, was in no way within the scope of his employment and certainly was not actuated by any intent to serve Spud Seller. He was charged with enforcing anti-harassment policy, translated anti-harassment training into Spanish during employee meetings, and was someone available to employees for purposes of reporting harassment. Under no conceivable understanding of the undisputed facts can the actions complained of be considered within the scope of his employment.

Under the circumstances presented here, the Court may find that the paucity of evidence concerning punitive damages does not, as a matter of law, support a finding that Spud Seller should be subject to punitive damages. *Harsco Corp.*, 475 F.3d at 1190.

## CONCLUSION

Spud Seller is entitled to summary judgment as a matter of law on the claims of Plaintiff on behalf of Reyes and Portillo and on the claims of Plaintiff-Intervenor because there is no basis for employer liability as Spud Seller fulfilled its obligations under Title VII by taking appropriate remedial or preventative action.

Spud Seller is entitled to summary judgment as a matter of law on the claims of Plaintiff on behalf of Atencio, Cordova, Gomez, Guerrero, J. Cisneros and Salazar as their claims are barred as a matter of law by the *Faragher/Ellworth* affirmative defense.

Spud Seller is entitled to summary judgment as a matter of law on the claims of Plaintiff and Plaintiff-Intervenor for punitive damages as Spud Seller has established its compliance with the *Kolstad's* good-faith-compliance standard. There is no evidence that "demonstrates" that Spud Seller has engaged in intentional discrimination and has done so with malice or with reckless indifference to the plaintiff's federally protected rights.

Plaintiff has confirmed in writing that it is no longer seeking to recover on behalf of Theresa Venzor and does not address her claims in its Response.

Wherefore Spud Seller moves this Court pursuant to Fed.R.Civ.P. 56 for an order dismissing all claims except those of Plaintiff on behalf of class members S. Cisneros and Villalba, and for such additional relief as the Court deems just and proper.

Dated this 16th day of February, 2012.

Respectfully submitted:

s/ Daniel R. Satriana, Jr.
s/ Matthew Y. Biscan
Attorneys for Defendant
Clisham, Satriana & Biscan, LLC
1512 Larimer Street, Suite 400
Denver, Colorado  80202
(303) 468-5402
(303) 468-5403
(303) 942-7290 (fax)
satrianad@csbattorneys.com
biscanm@csbattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 16, 2012, I served the within document via ECF to the following:

William E. Moench
William.moench@eeoc.gov

Jennifer J. Lee
jlee@colegalserv.org

Jenifer Rodriguez
jrodriguez@colegalserv.org

Iris Halpern
iris.halpern@eeoc.gov

                              s/ Daniel R. Satriana, Jr.
                              Attorneys for Defendant
                              Clisham, Satriana & Biscan, LLC
                              1512 Larimer Street, Suite 400
                              Denver, Colorado  80202
                              (303) 468-5402
                              (303) 942-7290 (fax)
                              satrianad@csbattorneys.com